## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DANA SALMONS**                                                    **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:20-CV-38-LG-RPM**

**BP EXPLORATION & PRODUCTION**
**INC. and BP AMERICA PRODUCTION**                  **DEFENDANTS**
**COMPANY**

## <u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'</u>
## <u>MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S</u>
## <u>MOTION FOR REVIEW OF MAGISTRATE JUDGE ORDER</u>

**BEFORE THE COURT** are a [38] Motion for Summary Judgment filed by

Defendants, BP Exploration & Production Inc. and BP America Production

Company ("BP") and a related [50] Motion for Review of Magistrate Judge Order

filed by Plaintiff, Dana Salmons.  After reviewing the submissions of the parties,

the record in this matter and the applicable law, the Court finds that Defendants

are entitled to summary judgment.  Further, the Court affirms the Magistrate

Judge's order denying modification of the deadlines in this matter.

## BACKGROUND

This case arises out of the Medical Benefits Class Action Settlement

Agreement ("MSA") in the *Deepwater Horizon* litigation.[1]  Plaintiff, a "Zone A

---

[1] *See* Medical Benefits Class Action Settlement Agreement, as Amended on May 1,
2012, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on
April 20, 2010*, No. 2:10-md-2179, 808 F. Supp. 2d 943 (E.D. La. 2012) (ECF No.
6427-1) ("MSA").

Resident" under the MSA,[2] filed this Back-End Litigation Option ("BELO") lawsuit against BP on September 30, 2019, alleging that she was exposed to oil and chemical dispersants after the blowout of the Macondo Well which caused the *Deepwater Horizon* oil spill.  (Compl. ¶¶ 12-22, at 3-5, ECF No. 1).  Plaintiff allegedly suffered permanent injuries and was diagnosed with "Invasive Moderately Differentiated Adenocarcinoma Extending to Less than 1mm of the Polyp Base." (*Id.* ¶ 27, at 6).

The Court's [22] Case Management Order required Plaintiff to designate experts by February 5, 2021.  On December 10, 2020, Plaintiff filed a [28] Motion to modify this deadline so that she could designate a new expert, Dr. Natalie Perlin, who is expected to give opinions concerning the effects of "invisible oil."  Dr. Perlin co-authored a February 12, 2020, study entitled "Invisible Oil Beyond the Deepwater Horizon Satellite Footprint."  Plaintiff explained that Dr. Perlin and her co-authors applied "a never-before-used combination of technologies . . . to calculate the spatial extent of the Deepwater Horizon oil spill, as well as the toxicity of the released oil."  (Pl.'s Mem., ¶ 8, at 3, ECF No. 29) (footnote omitted).  "The study concluded that satellite imaging conducted during the Deepwater Horizon oil spill failed to detect large amounts of toxic and invisible oil that spread throughout the Gulf during oil spill cleanup response activities."  (*Id.* ¶ 8, at 4).  Plaintiff's counsel

---

[2] A "Zone A Resident" is a person who "[r]esided in ZONE A for some time on each of at least sixty days between April 20, 2010, and September 30, 2010 . . ., and developed one or more SPECIFIED PHYSICAL CONDITIONS between April 20, 2010, and September 30, 2010."  MSA at 9, *In re Oil Spill*, 808 F. Supp. 2d 943 (E.D. La. 2012) (No. 10-md-2179) (ECF No. 6427-1).

reportedly "has been diligent in taking the steps necessary to admit this newly discovered evidence in Plaintiff's case, as well as hundreds of other cleanup workers and zone residents involved in the Deepwater Horizon oil spill." (*Id.* ¶ 14, at 7). Plaintiff therefore sought additional time so that her attorney and Dr. Perlin could perform this work.

On January 8, 2021, Defendants filed the instant [38] Motion for Summary Judgment, arguing that Salmons failed to timely designate experts who could testify as to legal causation. Plaintiff filed a [42] Response, relying on her then-pending [28] Motion to Modify the expert designation deadline. Defendants filed a [43] Reply. On March 4, 2021, the Magistrate Judge issued an [45] Order declining to extend the expert designation deadline and citing this Court's decision in a similar case, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-456-LG-RPM. On April 7, 2021, Plaintiff filed a [50] Motion for Review of Magistrate Judge Order, arguing that the *Reeves* order, as well as the Magistrate Judge's reliance on it, was clearly erroneous and contrary to law. Defendants filed a [54] Response, to which Plaintiff did not reply. Plaintiff then filed a [52] Supplemental Brief in opposition to summary judgment, to which Defendants [56] replied.[3]

---

[3] The Court notes that the Defendants' [38] Motion for Summary Judgment and the Plaintiff's [50] Motion for Review of Magistrate Judge Order is nearly identical to the respective parties' motions in a similar case, *Gibbs v. BP Expl. & Prod., Inc.*, No. 1:20-cv-204-LG-RPM.

## DISCUSSION

### I.    Motion for Review of Magistrate Judge Order

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citing Fed. R. Civ. P. 72(a); 28 USC § 636(b)(1)(A)).  A factual finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 319 (5th Cir. 2020) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).  The magistrate judge's legal conclusions are reviewed de novo.  *Moore*, 755 F.3d at 806.

In his [45] Order, the Magistrate Judge declined to modify the scheduling order to allow Plaintiff to designate Dr. Perlin as an expert.  Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent."  The party seeking an extension must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).  The four factors relevant to a determination of good cause are "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)

The Magistrate Judge's disputed [45] Order relies entirely on this Court's decision in a related case, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-456LG-RPM. In *Reeves*, this Court denied a similar Motion to Extend Deadlines to allow the plaintiff to designate the same expert.  (*See* Mem. Opinion & Order, ECF No. 68, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00456-LG-RPM (S.D. Miss. Feb. 24, 2021)).  The Court applied the Rule 16(b) factors and found that the plaintiff had sufficiently explained the delay, but that an extension was not warranted because Dr. Perlin's "Invisible Oil" theory was untested and probably inadmissible under the Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  (*See id.* at 4-5).  In so holding, the Court cited the decision of the Southern District of Texas in *Melendez v. BP Expl. & Prod., Inc.*, Civil Action No. 4:19-cv-3158 (S.D. Tex. Dec. 3, 2020), which declined to extend the deadline to designate the same expert for like reasons.  The Court further found that a late expert designation would prejudice the defendant, BP, by bringing further delay, expense, and effort in retaining new experts in opposition to the theory, and that a continuance would not rectify these problems.  (*Id.* at 5-6).

Plaintiff raises three objections to the Magistrate Judge's reliance on *Reeves* in denying her [28] Motion to Modify Dates in Case Management Order.  In so doing, Plaintiff assails the Magistrate Judge's [45] Order and the *Reeves* opinion on which it is based.  First, Plaintiff objects that a number of other court decisions support her requested relief and that these decisions were not sufficiently considered in either the *Reeves* opinion or the instant [45] Order.  However, in both

cases, Plaintiff freely cited other courts' orders granting similar motions; the Court was aware of those other decisions.[4]  Nevertheless, after consideration of the relevant facts and legal authority, the Court determined that Plaintiff had not shown good cause for modification of the expert designation deadline, a decision which is not without precedent.  *See Melendez v. BP Expl. & Prod., Inc.*, Civil Action No. 4:19-cv-3158 (S.D. Tex. Dec. 3, 2020).

Second, Plaintiff objects that the *Reeves* opinion committed legal error in discussing the probable inadmissibility of Dr. Perlin's testimony under *Daubert* on a Rule 16(b) Motion.  However, the Court exercised the gatekeeping function under *Daubert* in relation to the second and third Rule 16(b) factors—namely, the importance of the expert testimony and potential prejudice to Defendant.  The Court found that Dr. Perlin's opinions were most likely inadmissible, that it would needlessly complicate this matter, and that it would thereby prejudice Defendant. Similarly, in *Melendez*, the Southern District of Texas cautioned that it was "not herein making . . . a *Daubert* ruling as it cannot without actually reviewing the resulting study, the circumstances surrounding how it was conducted, the results, and how it is received by experts in the field."  (*See* Order at 5, ECF No. 33, *Melendez v. BP Expl. & Prod., Inc.*, Civil Action No. 4:19-cv-3158 (S.D. Tex. Dec. 3, 2020)).  Rather, the Court found that the Invisible Oil theory was "not the kind of

---

[4] (*See* Pl.'s Reply Mem. Supp. Mot. Modify Court's Scheduling Order, at 2, ECF No. 37; *see also* Pl.'s Reply Mem. Supp. Mot. Modify Court's Scheduling Order, at 2, ECF No. 36, *Gibbs v. BP Expl. & Prod., Inc.*, No. 1:20-cv-204-LG-RPM; Pl.'s Reply Mem. Supp. Mot. Continue Trial & Modify Scheduling Order, at 2, ECF No. 46, *Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-456-LG-RPM).

evidence that one waits to the last minute to create." *Id.* Like *Melendez*, the Court considered the expert's admissibility only in connection to the importance of the expert and the additional expense, time and effort implicated by *Daubert* motion practice.[5]

In agreement with the Magistrate Judge, the Court is convinced that the reasoning shared by *Reeves* and *Melendez* is indistinguishable and applicable to Plaintiff's Motion. While Plaintiff has provided an explanation for the delay in designating Dr. Perlin, the other three Rule 16(b) factors support the Magistrate Judge's decision. *See Reeves v. BP Expl. & Prod., Inc.*, No. 1:19-cv-00456-LG-RPM (S.D. Miss. Feb. 24, 2021); *Melendez v. BP Expl. & Prod., Inc.*, Civil Action No. 4:19-cv-3158 (S.D. Tex. Dec. 3, 2020). Hence, the Magistrate Judge did not commit clear error in relying on the *Reeves* decision, and the [50] Motion for Review of Magistrate Judge Order must therefore be denied.[6]

---

[5] The Fifth Circuit, affirming a district court's exclusion of a late-designated expert, has considered the unreliability of the expert's opinion in its application of the Rule 16(b) factors. *See Garza v. Allstate Tex. Lloyd's Co.*, 284 F. App'x 110, 112 (5th Cir. 2008) (considering "the importance of the excluded testimony," and affirming the exclusion partly because the proposed expert testimony was likely not credible or reliable). Additionally, even were Dr. Perlin's opinions adequately tested and peer-reviewed, the Fifth Circuit has held that "[t]he importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990).

[6] Plaintiff does raise a third objection that reconsideration of *Reeves* is warranted as a matter of equity, because resolution on the merits is favored and other BELO plaintiffs have been afforded the opportunity to present Dr. Perlin's testimony. The Court is not persuaded by this argument. Dr. Perlin's expert testimony is not being precluded on merely technical grounds, and, further, it will likely be subjected to *Daubert* scrutiny in most of these other cases.

## II.     Motion for Summary Judgment

Defendants' [38] Motion for Summary Judgment was filed pursuant to
Federal Rule of Civil Procedure 56(a), which provides that summary judgment is
appropriate "if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its
opponent must do more than simply show that there is some metaphysical doubt as
to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.
574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate
specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air
Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a
reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R
Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty
Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant
"'is merely colorable, or is not significantly probative,' summary judgment is
appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671
F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding
whether summary judgment is appropriate, the Court views the evidence and
inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l
Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

"In a BELO suit, a plaintiff must prove legal causation." *Harriel v. BP Expl. & Prod., Inc.*, No. 2:17-cv-197-KS-MTP, 2019 WL 2574118, at *1 (S.D. Miss. May 15, 2019) (citing MSA § VIII(G)(3)(a)(iv); *Piacun v. BP Expl. & Prod., Inc.*, No. 2:15-cv-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016)). "In a toxic exposure tort case such as this, regarding causation evidence, the Fifth Circuit has explained as follows:

> General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." Evidence concerning specific causation in toxic tort cases is admissible only as a follow-up to admissible general-causation evidence. Thus, there is a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence."

*Id.* at *3 (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)). Moreover, "[f]or a plaintiff to establish legal cause, 'scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain a plaintiff's burden in a toxic tort case.'" *Harriel*, 2019 WL 2574118, at *3 (quoting *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 723 (5th Cir. 2009)). Further:

> The Fifth Circuit requires that there be proof through medical testimony. For any testimony based on information derived outside the course of treatment, a Rule 26(a)(2)(B) expert report is required.

*Caballero v. BP Am. Prod. Co.*, No. 1:19-cv-305-HSO-JCG, 2020 WL 2497714, at *3 (S.D. Miss. May 14, 2020) (citing *Seaman*, 326 F. App'x at 723; *Harriel*, 2019 WL

2574118, at *3).[7]  Hence, where a plaintiff "has not designated any expert, provided

any admissible expert causation opinions, or shown proof of causation through

medical testimony," the plaintiff "cannot carry her burden of proof on causation by

providing scientific evidence of the harmful level of exposure to the chemicals, an

essential element of her claim."  *Caballero*, 2020 WL 2497714, at *3.

Like this Court's decision in *Gibbs*,[8] the same is true here.  In opposition to

summary judgment, Plaintiff concedes that she "is unable to fully factually support

her position . . . in regard to expert disclosures."  (*See* Pl.'s Opp. Def.'s Mot. Summ.

J., at 4, ECF No. 42)  Plaintiff therefore invokes Rule 56(d), which provides that,

where "a nonmovant shows by affidavit or declaration that, for specified reasons, it

cannot present facts essential to justify its opposition, the court may: (1) defer

considering the motion or deny it; (2) allow time to obtain affidavits or declarations

or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).

Plaintiff maintains that she "requires additional time to secure the new science

outlined in the Invisible Oil Study to provide a scientifically reliable measure of

---

[7] The Fifth Circuit has declined to "decide whether the toxic tort standard or
another causation standard applies to BELO litigation."  *McGill v. BP Expl. &
Prod., Inc.*, 830 F. App'x 430, 434 n.2 (5th Cir. 2020).  With no word on the issue
from the Fifth Circuit, the Court continues its practice of applying the toxic tort
causation standard in BELO litigation.  *See McGill v. BP Expl. & Prod., Inc.*, No.
1:18-cv-159-LG-RHW, 2019 WL 6053016, at *2 (S.D. Miss. Nov. 15, 2019) ("A lay
jury will inevitably have just as much difficulty determining the extent of exposure
to a chemical that is necessary to cause harm in maritime cases as in non-maritime
cases.  Therefore, no justification exists for permitting a jury to make such scientific
calculations in a maritime case.").

[8] *See* Order, ECF No. 59, *Gibbs v. BP Expl. & Prod., Inc.*, No. 1:20-cv-204-LG-RPM.

exposure that can be provided to Plaintiff's medical causation experts and/or toxicologist." (*Id.* at 5). Her supplemental opposition also relies on the Invisible Oil Study as the basis of her Rule 56(d) request. (*See generally* Pl.'s Supp. Br. Opp. Def.'s Mot. Summ. J., ECF No. 52). Because the Court affirms the Magistrate Judge's denial of an extension to designate this expert, the Court must regard this Rule 56(d) request as moot.

Beyond her proposed late designation of Dr. Perlin based on the questionable Invisible Oil theory, Plaintiff has not designated any experts to prove the essential legal causation element of her claim. *See McGill*, 2019 WL 6053016, at *4 ("In the absence of admissible expert testimony regarding the harmful level of exposure to Corexit and/or oil, plus knowledge that McGill was exposed to such quantities, McGill cannot establish that his exposure to these chemicals caused his medical conditions."). As such, BP is entitled to judgment as a matter of law, and this lawsuit must be dismissed with prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [38] Motion for Summary Judgment filed by Defendants, BP Exploration & Production Inc. and BP America Production Company, is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the [50] Motion for Review of Magistrate Judge Order filed by Plaintiff, Dana Salmons, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 26th day of May, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE